**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50402 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01579-WQH |
| v. | |
| RAFAEL ZAMARRIPA-BACA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted December 14, 2016[**]

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

Rafael Zamarripa-Baca appeals from the district court's judgment and

challenges the 32-month sentence imposed following his guilty-plea conviction for

importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have

jurisdiction under 28 U.S.C. § 1291. We vacate and remand for resentencing.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Zamarripa-Baca argues that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b). After Zamarripa-Baca was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). The Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Because we cannot determine from the record whether the district court considered all of the now-relevant factors, we vacate Zamarripa-Baca's sentence and remand for resentencing. *See Quintero-Leyva*, 823 F.3d at 523-24.

**VACATED and REMANDED for resentencing.**